FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT 16 2018

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
Attorneys for the United States of America
111 Main Street, Ste. 1800 · Salt Lake City, Utah 84111
Telephone: (801) 524-5682 · Facsimile: (801)

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **FELONY COMPLAINT** |
| Plaintiff, | : | |
| | : | VIOLATION: 2:18mj598-DBP |
| vs. | : | |
| | : | Count 1: 26 U.S.C. § 5861(d), Possession of an Unregistered Short-Barrel Rifle; |
| REZA KAVOOSI, | : | |
| Defendant. | : | Magistrate Judge Dustin B. Pead |
| | : | |

---

Before the Honorable Dustin B. Pead, United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

**COUNT 1**
26 U.S.C. § 5861(d)
[Possession of an Unregistered Short-Barrel Rifle]

On or about June 29, 2018, in the Central Division of the District of Utah,

REZA KAVOOSI,

the defendant herein, did knowingly possess a firearm as defined in 26 U.S.C. § 5845(a), to wit:

an AR-15 style rifle with a barrel length of less than 16 inches and an overall length of less than

26 inches, which firearm was not registered to the defendant in the National Firearms Registration and Transfer Record; all in violation of 26 U.S.C. § 5861(d).

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

Complainant, Special Agent Adam Koeneman, being duly sworn, hereby states:

1. I, Adam Koeneman, am a Special Agent (SA) of the Department of Homeland Security (DHS), United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since December 2010. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7) that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code Section 2516. I am currently assigned to the HSI Field Office in Provo, UT, (HSI Provo), Salt Lake City Field Office. Prior to this, I was assigned to the Yuma, AZ HSI office (HSI Yuma), Phoenix Field Office.

2. I have worked on multiple firearms and threats to national security cases involving violations of both federal and state laws. I have also worked fraud and false statement investigations. Specifically, I have conducted or assisted with investigations relative to the illegal transfer, smuggling and distributing of firearms, both restricted and non-restricted, and ammunitions by restricted persons. HSI Provo conducts firearms investigations as related to, but not exclusively in conjunction with, national security investigations that include the detection, penetration, and dismantlement of organizations dedicated to the usurpation of the United States, often coordinated with the Bureau of

2

    Alcohol, Tobacco, Firearms and Explosives (ATF), Federal Bureau of Investigations (FBI), United States Border Patrol (USBP), Customs and Border Protection (CBP), and state/local law enforcement personnel designated as Task Force Officers (TFOs).

3. In 2010, I attended the HSI twenty-three week training academy located in Glynco, Georgia. While at the HSI training academy, I received instruction in federal firearms investigative techniques, violations related to firearms and ammunition and firearms related law. Based on training and experience in conducting firearms investigations, I am familiar with the methods and practices used by individuals and organizations involved in firearms violations. These methods include the purchase of legal firearms, firearm parts, assembly tools and the modification of legal firearms into illegal firearms.

4. The statements in this affidavit are based, in part, on information provided by law enforcement officers, other investigators with knowledge of this investigation, and witnesses who observed the incident, as well as information obtained from the State of Utah. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint from the court, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the complaint.

5. In early November 2017, HSI Provo was notified by state, local and US Army officials about Reza KAVOOSI. KAVOOSI is a naturalized US citizen of Iranian decent. KAVOOSI joined the Utah National Guard and per the US Army, falsified government documents in order to do so. The US Army has alleged that KAVOOSI lied about schools he attended, and skills and accomplishments on his official military record.

3

According to multiple sources, KAVOOSI has made numerous threats of violence against his chain of command and his ex-wife and her husband. KAVOOSI has a history of incidents with local police and has the means to carry out his threats of violence.

6. KAVOOSI was a Lieutenant in the Utah National Guard. On October 23, 2017, Colonel Joseph Green (COL Green) of the Utah National Guard ordered a "commander's inquiry" investigation into KAVOOSI's falsification of records. The Utah National Guard provided HSI with a copy of the commander's inquiry investigation which concluded that KAVOOSI had falsified official military documents such as his DD-214, "Certificate of Release or Discharge from Active Duty", a US Army Commendation Medal award, a US army combat action badge award, and a US Army Ranger School Certificate.

7. On November 4, 2017, KAVOOSI was confronted and questioned about the falsification of official military records by Major Merlette, COL Green's investigating officer. At the conclusion of the interview, KAVOOSI was very upset and voiced some suicidal thoughts.

8. After the confrontation and questioning of KAVOOSI, COL Green, commander of the Military Intelligence Brigade, became concerned that KAVOOSI may hurt himself or others. COL Green then sent Lieutenant (LT) Lock, a close friend of KAVOOSI's, and CPT Francis, a US army social worker and a US Army chaplain, over to KAVOOSI's house to monitor KAVOOSI for suicidal or homicidal tendencies. COL Green and Lieutenant Colonel (LCOL) Takmili also contacted the Salt Lake City VA hospital. COL Green stated that at that time, the VA hospital agreed to admit KAVOOSI, involuntarily if necessary, unless KAVOOSI agreed to go to the VA Hospital. KAVOOSI refused to

go to the VA hospital. COL Green then instructed LT Lock to ask KAVOOSI if he would voluntarily surrender his arsenal of weapons. KAVOOSI agreed. LT Lock took some of KAVOOSI's weapons, including a lower receiver manufactured by "Joe Bob Outfitters", combined with an upper receiver manufactured by Aero Precision with a 10-inch barrel model AR-15 handgun that LT Lock had built as a favor to KAVOOSI. LT Lock stated that KAVOOSI had modified the AR-15 and added a collapsible stock, turning the .223 pistol into a short-barrel rifle. KAVOOSI refused to relinquish a small derringer pistol.

9. During LT Lock and KAVOOSI's 4-year friendship, LT Lock had built two of the AR-15 rifles for KAVOOSI. LT Lock and KAVOOSI were close friends and LT Lock helped KAVOOSI maintain his armament. LT Lock knew exactly which firearms KAVOOSI had purchased. LT Lock stated that the AR-15 had a lower receiver manufactured by "Joe Bob Outfitters" combined with an upper receiver manufactured by Aero Precision with a 10-inch barrel. LT Lock built this rifle for KAVOOSI, and it was intended to be a .223 pistol, but Lt. Lock noticed that KAVOOSI had changed the rear support to a collapsible stock. Approximately 5 weeks prior to this incident, LT Lock told KAVOOSI that the rifle had to be registered and have a tax stamp from the Bureau of Alcohol, Tobacco, Firearms and Explosives. LT Lock printed out all necessary paperwork for KAVOOSI and gave it to KAVOOSI. KAVOOSI asked Lock to fill out the paperwork for him and LT Lock declined.

10. In December of 2017, SA Koeneman verified that the addition of the stock turned the pistol into a short-barrel rifle requiring a Tax stamp from the ATF. SA Koeneman

verified with the US Attorney's office and ATF that the rifle LT Lock saw is in fact illegal to possess without a Tax stamp and that KAVOOSI does not possess the required Tax stamp for the short-barrel rifle.

11. On June 29, 2018, HSI executed a federal search warrant at KAVOOSI's home and seized the short-barrel rifle that does not have a tax stamp.

I swear that this information is true and correct to the best of my knowledge, information, and belief.

DATED this 16th day of October 2018.

ADAM KOENEMAN
HSI Special Agent

APPROVED AS FORM:

JOHN W. HUBER
United States Attorney

J. DREW YEATES
Assistant United States Attorney

SUBSCRIBED and SWORN to before me this 16th day of October, 2018.

DUSTIN B. PEAD
United States Magistrate Judge
District of Utah

6